Nicholson, C. J.,
delivered the opinion of the Court.
Defendant, E. P. Cawood, was indebted to complainant in the sum of one hundred dollars. Defendant, Pile, was indebted to defendant, E. P. Cawood, in the sum of three hundred dollars. E. P. Cawood being a non-resident, complainant filed his attachment bill in equity, to attach the debt due from Pile to E. P. Ca-wood, and to have it applied to the satisfaction of his debt against E. P. Cawood.
Defendant, E. P. Cawood, fails to answer, and there is judgment pro eonfesso against him. Defendant, Pile, answers that he did execute the note for $300, as alleged, to E. P. Cawood, and that it is due from its date. But he insists that he does not owe E. P. Ca-wood anything, because, when he executed the note, it was the understanding that he was to pay the money to one Allison, to whom E. P. Cawood was indebted in about $300. He does not state that he has ever paid anything to Allison, or that Allison ever had the note, or that he does not know where the note is. Nor does he take any steps, by bill of interpleader, or otherwise, to bring Allison before the Court. But whilst he admits that he owes the three hundred dollar note, *599 made payable and delivered, wben executed, to E. P. Cawood, yet he insists that he is not bound to pay the money to Cawood, but to Allison.
This cause must be decided according to the rules of practice and course of proceedings in the Chancery Court^ in which the answer of defendant is available as evidence only so far as it is responsive to the allegation of the bill. The allegation in the bill is, that defendant, Pile, executed to defendant, Cawood, his note for $300, and that the same is unpaid. The answer responds that this allegation is true; but, by way of avoidance, states that he is not bound to pay the money to defendant, Cawood, but to one Allison, because of an understanding to that effect. This matter in avoidance rests entirely (Upon the answer — no proof having been taken to sustain it. It is not necessary to decide what would have been the result if this matter in avoidance had been sustained by proof. It is sufficient for the present, that by his response in the bill, defendant, Pile, has acknowledged that he is indebted, as alleged, to Cawood; and upon this admission, complainant is entitled to have his debt against Cawood satisfied out of said indebtedness.
The decree of the Chancellor will be reversed, and a decree rendered for complainant.